IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MELINDA MONICA SERRANO,

       Plaintiff,

vs.                                        Civ. No.  13-308 MV/RHS

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

       Defendant.

## MAGISTRATE JUDGE'S ANALYSIS AND PROPOSED DISPOSITION

THIS MATTER is before the Court on Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (Doc. 23) (hereinafter referred to as "Motion"). The matter has been referred to the undersigned to recommend a disposition to the assigned District Judge (Doc. 20).

The Court has reviewed the Motion (Doc. 23), together with the Memorandum in Support of the Motion (Doc. 24), the Defendant's Response (Doc. 27), and the Plaintiff's Reply (Doc. 29). The Court has also reviewed the entire administrative record (hereinafter the "Record" or "AR"). For the reasons set forth in this opinion, the Court recommends that Plaintiff's Motion to Remand be granted, and this matter be remanded for further proceedings consistent with this opinion.

## BACKGROUND

### A. Procedural History

Melinda Monica Serrano (hereinafter "Plaintiff") applied for Supplemental Security Income on May 10, 2010. AR 162-66. Plaintiff alleged she was disabled due to sciatica, diabetes type II, left shoulder pain, neuropathy, and back pain. AR 71, 179. She claimed that her disability began on March 1, 2010. AR 162.

Plaintiff's application for benefits was subsequently denied.  AR 71-74.  She filed a request for reconsideration, which was also denied.  AR 78-82.  Plaintiff then filed a request for hearing, which was granted and a hearing was set for March 20, 2012.  AR 100.

Plaintiff attended the hearing with counsel.  AR 29.  The Administrative Law Judge ("ALJ") issued an unfavorable decision on June 15, 2012.  AR 9.  Plaintiff sought review of the decision, but her request was denied, making the ALJ's decision final.  AR 1-8.

## B. Relevant Medical History

Plaintiff has a history of uncontrolled diabetes, reflux, and hyperlipidemia.  AR 257-59. In February 2010, Plaintiff complained of severe burning and pain in her left shoulder.  AR 284. An MRI showed mild arthritic change of the acromioclavicular joint, possible tendinosis/tendinitis of the supraspinatus and infraspinatus tendons, and a possible SLAP lesion. AR 280, 291.  At physical therapy, a therapist assessed positive left supraspinatus impingement and left sciatica.  AR 487.

Plaintiff complained of numbness in both feet, as well as pain in the upper extremities, feet, thighs, and back.  AR 276.  She was prescribed Neurontin for neuropathy, increased her dosage of Crestor for hyperlipidemia, and she was prescribed Prilosec for stomach pain.  AR 276.  Cymbalta was later substituted for Neurotin for leg neuropathy.  AR 272.

Plaintiff underwent an RFC assessment in July 2010.  The state disability medical consultant opined that Plaintiff could lift 20 pounds occasionally, and 10 pounds frequently, stand/or walk for 6 hours and sit for 6 hours in an 8-hour work day, with only occasional overhead reaching with the left arm.  AR 308-12.

In August 2010, a biopsy of Plaintiff's right foot showed a loss of small nerve fibers within the epidermis, and greatly diminished fibers within the papillary dermis. AR 353. Plainitff was referred for surgical release for tarsal tunnel syndrome. AR 344.

In November 2010, John Lang, Ph.D observed that Plaintiff had increased anxiety and agitation. AR 485. In December, Dr. Lang noted Plaintiff was suffering from depression. AR 482-83. Plaintiff was subsequently diagnosed by Warren M Steinman, Ph.D with major depressive disorder, recurrent, moderate. Dr. Steinman reported that Plaintiff's pain and anxiety were likely to interfere with task involving much movement or locomotion. AR 326.

In February 2011, Dr. Lang diagnosed Plaintiff with major depressive disorder, generalized anxiety disorder with agoraphobia, rule out posttraumatic stress disorder, and pain disorder associated with psychological and medical conditions. AR 393. In March, Plaintiff reported increased pain, additional stress, choking, and breathing problems. AR 478.

In June 2011, Dr. Lang observed that Plaintiff had major problems with stress from not working, stress from staying home frequently, and neuropathy. AR 472. In August, Dr. Lang noted depression again in Plaintiff. AR 468-69.

**C. ALJ's Decision**

A person is considered disabled for the purpose of social security income if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). In light of this definition, a five-step sequential evaluation process has been established for evaluating a disability claim. 20 C.F.R. S 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

At the first four steps of the sequential evaluation process, the Plaintiff has the burden to show that: (1) he or she is not engaged in "substantial gainful activity;" and (2) he or she has a "severe medically determinable . . . impairment . . . or a combination of impairments" which has lasted or is expected to last for at least one year; and (3) his or her impairment(s) either meet(s) or equal(s) one of the "Listings"[1] of presumptively disabling impairments; or (4) he or she is unable to perform his or her "past relevant work." 20 C.F.R. S 416.920(a)(4)(i-iv); Grogan, 399 F.3d at 1261.

The ALJ held that Plaintiff was not under disability within the meaning of the Social Security Act from March 1, 2010. AR 12. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2010, the alleged onset date. AR 14. At step two, the ALJ found that the Plaintiff had the following severe impairments: arthritis of the left shoulder, lumbar spondylolysis with sciatica, diabetes mellitus with neuropathy, obesity, major depressive disorder, and anxiety. AR 14. The ALJ found that the record revealed a history of hypertension, hypercholesterolemia, gastroesophageal reflux disease, oropharyngeal dysphagia, and asthma; however, the ALJ determined that these medically determinable impairments were not severe. AR 12-15.

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. AR 15-16. Before proceeding to step four, the ALJ determined that Claimaint had the residual functioning capacity ("RFC") to perform sedentary work, except she could only occasionally reach overhead with her non-dominant left arm. AR 16. Additionally, the ALJ determined that Plaintiff should be limited to work that involves only simple tasks and requires working primarily with things and not people. AR 16-17. Finally, the ALJ found that

---

[1] 20 C.F.R. § 404, subpt. P, App. 1

Plaintiff could maintain concentration, persistence, and pace for two hours at a time before taking a break. AR 17.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. AR 21. At step five, the ALJ found that there were jobs which existed in significant numbers in the national economy that Plaintiff could perform, given her age, education, work experience, and RFC. AR 22. Accordingly, the ALJ found that Plaintiff was not disabled at step five of the evaluation.

## STANDARD OF REVIEW

The Court's review of the administrative decision is both factual and legal. The factual findings at the administrative level are conclusive "if supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Grogan v.Barnhart, 399 F.3d 1257, 1259 (10th Cir. 2005).

An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Langley v. Barnhart, 331 F.3d 1116, 1118 (10th Cir. 2004)(citations and quotations omitted). While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Grogan v. Barnhart, 399 F.3d 1257, 1262 (10th Cir. 2005)(internal citations and quotations omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007)(internal citations and quotations omitted).

As for the review of the ALJ's legal decisions, the Court reviews "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases." Id.

## DISCUSSION

Plaintiff makes the following arguments in support of her Motion to Remand: (1) the ALJ failed to address the diagnosis of pain disorder; (2) the ALJ failed to attribute any work-related limitations to Plaintiff's moderate difficulties in maintaining social functioning; (3) the ALJ did not address bilateral upper-extremity neuropathy in his RFC analysis; (4) the ALJ failed to include work-related limitations assessed by Dr. Steinman in his VE hypothetical and RFC finding; (5) the ALJ erred in evaluation Dr. Lang's opinion; (6) the ALJ did not properly evaluate Dr. Norman's and Ms. Smith's opinion; and (7) the ALJ improperly assessed credibility.

The Court finds that the ALJ erred by not addressing Dr. Lang's pain disorder diagnosis at step two of the analysis. "[S]ymptom-related limitations and restrictions must be considered at [ ] step [two] of the sequential evaluation process, provided that the individual has a <u>medically determinable impairment(s)</u> that could reasonably be expected to produce the symptoms." Social Security Ruling (hereinafter SSR) 96–3p. Thus, "the first consideration at step two is what, if any, medically determinable impairments plaintiff has regardless of the credibility of her allegations of the severity of those impairments." Elliott v. Astrue, 507 F. Supp. 2d 1188, 1194-95 (D. Kan. 2007). A medically determinable impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be

established by medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 404.1508, 416.908.

Here, the ALJ did not discuss Dr. Lang's diagnosis of pain disorder associated with psychological and medical conditions.  The ALJ described the other diagnoses in Dr. Lang's report, which included major depressive disorder and generalized anxiety, as severe medically determinable impairments.  AR 393.  The ALJ listed the medically determinable impairments which he found to be severe, as well as those medically determinable impairments which he found to not be severe.  However, there was no mention of the pain disorder diagnosis.

It is unclear from the ALJ's analysis why the ALJ did not discuss the pain disorder diagnosis at step two of the analysis.  Perhaps the ALJ did not consider the pain disorder to be a medically determinable impairment; however, the ALJ was required to reflect this decision through the analysis.  Because there is no mention of the pain disorder at step two, the Court finds that the ALJ erred at step two for failing to consider whether or not the pain disorder was a medically determinable impairment and, if so, whether or not the impairment was severe.  The Court finds that this error constitutes grounds for remand.

For these reasons, the Court recommends reversing the ALJ's decision and remanding the case to allow the ALJ to consider all evidence in accordance with the proper legal standard.  Because the ALJ's consideration of the pain disorder at step two may alter the remainder of the ALJ's analysis in the five step evaluation, the Court does not find it necessary to consider Plaintiff's remaining arguments.   See Watkins v. Barnhart, 350 F.3d 1297, 1299 (10th Cir. 2003)(finding no need to address remaining issues raise by appellant "because they may be affected by the ALJ's treatment of th[e] case on remand); see Poppa v. Astrue, 569 F.3d 1167, 1171 (10th Cir. 2009) (noting "credibility and RFC determinations are inherently intertwined").

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendation. If objections are not filed, appellate review will not be allowed.

*Robert Hayes Scott*
_____
ROBERT HAYES SCOTT
U.S. MAGISTRATE JUDGE